## Town of Goshen *vs.* Town of Canaan.

The act of 1854 (Gen. Statutes p. 618, sec. 5,) provides that where a woman having a settlement in this state marries a man who has none, she shall retain and the minor children shall take her place of settlement, until her husband acquires one in his own right. In a case where a wife and children had such a settlement and the husband none, supplies were furnished to the entire family. Held that they were not to be regarded as furnished wholly to the husband, but that the town where the wife and children were settled was liable for the supplies furnished the wife and children.

Assumpsit for supplies furnished to paupers belonging to the defendant town; tried in the Superior Court on the general issue, closed to the court, before *Pardee, J.*, and judgment rendered for the plaintiffs. Motion for a new trial by the defendants.

*O. S. Seymour* and *Peet* in support of the motion.

*Hubbard* and *Andrews*, contra.

Butler, J. The finding of facts in this case is very brief, and they present a single question in reference to the construction of the statute of 1854.

James Hicks and his wife and six minor children were living in the town of Goshen, were paupers, and were supplied by that town. None of them were chargeable there. The legal settlement of Hicks was in New York, and he had never acquired any in this state. The legal settlement of his wife was in Canaan at the time of the marriage, and she had no other in this state. The court held that the town of Canaan was liable for the supplies furnished to the wife and children of Hicks, by force of the statute of 1854. Did the court err?

The statute was made apparently for just such a case, and is clear and unambiguous. It provides that "whenever any female shall have married any man who has no legal settlement in any town in this state, if, at the time of such mar-

riage, said female had a legal settlement in any town in this state, the settlement of such female shall not be affected by such marriage, until her said husband shall have gained a settlement in his own right in this state; and until the husband of such female shall have gained a settlement in his own right, the place of settlement of said female before her marriage shall be deemed to be her legal settlement, and the legal settlement of all the minor children, the issue of such marriage." Such being the plain reading of the statute, and its apparent application to the case, what are the grounds of defence?

The first claim made on behalf of the defendant town is, that as the family were all living together, supplies furnished for any of the family are to be treated and regarded as furnished to the husband and father, and therefore the liability rested upon those who would be liable if they were furnished to the father alone. This as a general rule applicable to ordinary cases is well enough. But the statute of 1854 is a recent one, is exceptional in its character, and makes this an exceptional case. It is difficult to conceive of a case in which the statute would be operative, if not in this. The claim, therefore, is groundless.

The second claim made on behalf of the defendant town is, that if the plaintiffs' claim succeeds, the family may be broken up, the husband left in Goshen and the wife and children moved to Canaan. It can hardly be said that the consequence claimed would follow, for there would be nothing to prevent the father from following them to Canaan and taking up his residence there. But, if this were not so, the consequence would not justify us in disregarding a plain and imperative statute, precisely applicable to the case. The argument goes to the policy and justice of the law, and not to its construction. It was a proper one for the consideration of the General Assembly, and is not for the courts.

A new trial should be denied.

In this opinion the other judges concurred.